UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                           Case No.  3:91-cr-211-Oc-10GRJ

FREDERICK F. BULLARD
_____/

**O R D E R**

This case is before the Court for consideration of the *Pro se* Defendant's "Motion to Correct Illegal Sentence" pursuant to Federal Rule of Criminal Procedure 35(a) (Doc. 138). The Defendant "contends that this Court imposed enhancements and departure as to the drug quantity and, leadership role above the base offense level which were not specified in the indictment and not found 'beyond a reasonable doubt' standard, in violation of the Fifth and Sixth Amendment resulting [i]n entitlement to a new sentencing." Further, the Defendant claims that he "is not barred from bringing this Motion pursuant to the Former Rule 35(a), which authorized the court to 'correct an illegal sentence at any time'" because the indictment "conclusively shows that the date of the offense in the instant case . . . is the Fall of 1986."

As the Defendant stated in his motion, under Federal Rule of Criminal Procedure 35(a), as in effect prior to amendment by Pub.L. 98-473 and applicable to offenses committed prior to November 1, 1987, "[t]he court may correct an illegal sentence at any time . . ." If the Defendant's sentence was based on offense committed in 1986, as the

Defendant alleges, than the former version of Rule 35(a) would apply to his case and this Court could correct his illegal sentence at anytime.[1] Assuming the Defendant's allegations are true and that the former version of Rule 35(a) applies to this case, the Court must decide whether the Defendant's sentence is in fact illegal.

The Defendant's motion essentially argues that his sentence is illegal under U.S. v. Booker, where the Supreme Court held that "[a]ny fact (other than prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."[2] However, the Eleventh Circuit has held that the Supreme Court's decision in Booker does not retroactively apply to cases on collateral review.[3] Furthermore, in Booker, the Supreme Court only expressly extended its holding "to all cases on direct review."[4] Accordingly, since Booker does not retroactively apply to

---

[1] The Defendant's motion states that the indictment in his case alleged that "From in or about Fall 1986, through in or about November 1991, in the Middle District of Florida, and elsewhere, Frederick F. Bullard . . . did knowingly, intentionally, and willfully conspire, confederate and agree with other persons . . . to distribute cocaine . . ."

[2] 125 S.Ct. 738, 756 (2005).

[3] In re Anderson, 396 F.3d 1336, 1340 (11th Cir. 2005).

[4] Booker, 125, S.Ct. at 789.

the Defendant, whose case is not before the Court on direct review,[5] his sentence is not illegal under Rule 35(a).

## Conclusion

Accordingly, upon due consideration, it is ordered that:

(1) the Defendant's "Motion to Correct Illegal Sentence" (Doc. 138) is DENIED; and

(2) the Defendant's "Motion to Appoint Counsel" (Doc. 140) to "prosecute his Motion to Correct Illegal Sentence" is DENIED as moot.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 26th day of April, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   United States Attorney
             Maurya McSheehy, Courtroom Deputy
             Frederick F. Bullard

---

[5] The Defendant's motion states that the Defendant was convicted on March 24, 1992, and the Eleventh Circuit affirmed his conviction. In 1998, the Defendant filed a successful motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c), based on a retroactive amendment to the sentencing guidelines, and his sentence was reduced from a life sentence to a term of imprisonment for 480 months. Most recently, the Defendant filed a motion to vacate his sentence, which was denied by the Court.