UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                          Case No. 3:91-cr-211-Oc-10GRJ

FREDERICK F. BULLARD
_____/

**O R D E R**

This case is before the Court for consideration of the Defendant's "Motion to Preserve Booker Claim Under Dodd with Supporting Memorandum Law in Support" (Doc. 146). The Defendant requests that his claim under United States v. Booker[1] be preserved so that if the Supreme Court rules in the future that Booker applies retroactively to cases on collateral review, he will be able to file a successive section 2255 petition without offending United States v. Dodd.[2]

Section 2255, ¶ 6(3), provides: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . ." In Dodd, the Supreme Court held that a Defendant has one year from the date on which the Supreme Court initially recognized a new right to file a section 2255

---

[1]    543 U.S. 220 (2005).

[2]    125 S.Ct. 2478 (2005).

motion based upon the newly recognized right asserted, not one year from the date on which the right was made retroactively applicable.[3]  The Supreme Court also held that a Defendant may take advantage of the one-year limitation period provided in the first clause of section 2255, ¶ 6(3) only if the conditions of the second clause are met: (1) there was a newly recognized by the Supreme Court and (2) the right was made retroactively applicable to cases on collateral review.[4]  Therefore, the Defendant's reliance on Dodd and the one-year limitation period available under section 2255, ¶ 6(3) is misplaced since Booker is not retroactively applicable to cases on collateral review.[5]  Accordingly, the Defendant's "Motion to Preserve Booker Claim Under Dodd with Supporting Memorandum Law in Support" (Doc. 146). is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 20th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   United States Attorney
             Counsel of Record
             Maurya McSheehy, Courtroom Deputy
             Frederick F. Bullard

---

[3]   Id. at 2482.

[4]   Id.

[5]   See In re Anderson, 396 F.3d 1336 (11th Cir. 2005); Varela v. United States, 400 F.3d 864 (2005).