**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FREDERICK BULLARD,

    Petitioner

vs.                                                         Case No.:    3:91-cr-211-J-34JBT

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

**THIS CASE** is before the Court on Defendant Frederick Bullard's petition under 28 U.S.C. § 1651, the All Writs Act, for a writ of audita querela (Doc. 175, Petition), as well as his "Cross Notice of Filing Motion to Recall the Mandate and Request for Show Cause Order," (Doc. 179, Cross Notice). The Court has also considered Bullard's counseled Supplement in Support of Defendant's Petition for Writ of Audita Querela and Cross Notice. (Doc. 192, Supplement). The essence of the Petition and the Cross Notice is Bullard's contention that the Court improperly classified him as a career offender under the United States Sentencing Guidelines, U.S.S.G. § 4B1.1, resulting in an increased sentence. In the Petition, Bullard asserts that post-conviction relief is not available under 28 U.S.C. § 2255 or a writ of error coram nobis because neither recognizes a sentencing guideline error as a cognizable claim. Petition at 2. Bullard brought the Petition and Cross Notice following the Court's denial of several previous motions collaterally attacking his sentence. See Bullard v. Haynes, Case No. CV211-052, 2012 WL 727343 (S.D. Ga. Mar. 6, 2012); Bullard v. Vasquez, Case No. CIV. A. CV206-182, 2006 WL 3791395 (S.D. Ga. Dec. 26,

1

2006); United States v. Bullard, Case No. 3:91-cr-211-Oc-10GRL, 2005 WL 1026026 (M.D. Fla. Apr. 26, 2005).

**I.  Background**

On July 8, 1992, the Court sentenced Bullard to a term of life in prison after he was found guilty of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. (Doc. 95). The Court imposed a life sentence because Bullard had a total offense level of 44 and a Criminal History Category of VI under then-mandatory, pre-Booker[1] United States Sentencing Guidelines. Bullard's total offense level consisted of a base offense level of 42, because the offense involved over 15 kilograms of cocaine base (80 kilograms to be exact), see Presentence Investigation Report (PSR) at ¶ 34, and a two-level enhancement for being an organizer, leader, manager, or supervisor, id. at ¶ 37.[2] Bullard's Criminal History Category was VI because the Court deemed him to be a career offender under U.S.S.G. § 4B1.1.

On direct appeal, Bullard challenged the career offender enhancement, and the United States conceded it was erroneous. United States v. Bullard, 83 F.3d 435 (11th Cir. 1996), Brief of Appellee United States, 1995 WL 17144055, at *45. However, the United States argued that the error was harmless. The career offender classification did not affect Bullard's offense level of 44, which was based on the drug quantity and the role enhancement. Instead, the career offender classification only increased Bullard's Criminal History Category from IV to VI. The United States pointed out that this made no difference

---

[1]  United States v. Booker, 543 U.S. 220 (2005).

[2]  Originally, the PSR also contained a two-level enhancement for obstruction of justice, id. at ¶ 38, but the Court found insufficient evidence to impose that enhancement (Doc. 95 at 4).

2

to Bullard's sentence, because the Guidelines in effect at the time required a life sentence where the offense level was 44, regardless of the Criminal History Category. Id. at 45-47. Thus, the United States urged that "the error was harmless, and Bullard's sentence should not be vacated." Id. at 46-47. Nevertheless, the United States suggested that the Eleventh Circuit Court of Appeals issue a limited remand requiring this Court to amend the judgment to reflect a Criminal History Category of IV. The Eleventh Circuit affirmed Bullard's conviction and sentence, but it did not issue the limited remand. Bullard, 83 F.3d 435. As such, Bullard's career offender enhancement remained, and his Criminal History Category remained VI.

Later, Bullard moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 505 to the United States Sentencing Guidelines. Amendment 505 amended the Guidelines' drug quantity table, U.S.S.G. § 2D1.1(c), by reducing the highest base offense level from 42 to 38. As a result of Amendment 505, a base offense level of 38 applied to any offense involving 1.5 kilograms or more of cocaine base. Because of the change, Bullard's total offense level was reduced from 44 to 40 (a base offense level of 38, plus 2 levels for the role enhancement). With an offense level of 40 and a Criminal History Category of VI, the Guidelines called for a sentence of 360 months-to-life. U.S.S.G. § 5A (Sentencing Table) (1998). Notably, the Guidelines would have called for the same sentencing range had Bullard's Criminal History Category been Category IV.

The Court granted the motion for a reduced sentence on January 19, 1999. (Doc. 111). The Court reduced Bullard's sentence from life in prison to 480 months. (Id.). Bullard appealed because he wanted his sentence reduced to the bottom end of the amended

3

Guidelines range. The Eleventh Circuit Court of Appeals affirmed the Court's decision on June 6, 2001. (Doc. 128).

In addition to the motion for a sentence reduction, Bullard filed various other motions: a Motion to Vacate pursuant to 28 U.S.C. § 2255, denied on June 22, 2001 (Doc. 130); a Motion to Correct Illegal Sentence, denied on April 26, 2005 (Doc. 141); a Motion to Preserve Booker Claim, denied on January 20, 2006 (Doc. 147); and a Motion to Amend/ Correct Judgment, denied on October 6, 2006. (Doc. 151).

On February 28, 2008, the Court sua sponte issued the government an Order Directing Response on Retroactive Application of Crack Cocaine Amendment. (Doc. 152) (concerning the effect of Amendment 706). The United States responded that no sentence reduction was available under Amendment 706 because Bullard's offense involved 80 kilograms of cocaine base. (Doc. 156). Even after Amendment 706, a base offense level of 38 still applied if more than 4.5 kilograms of cocaine base were involved. On June 30, 2008, Bullard filed his own Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582, or in the Alternative for a Writ of Audita Querela. (Doc. 165). The Court denied the motion on October 1, 2008. (Doc. 171). In doing so, however, the Court cited Bullard's classification as a career offender as the reason why Amendment 706 did not apply, rather than the fact that Bullard's offense involved 80 kilograms of cocaine base. (Doc. 171). Upon denial of the aforementioned motion, Bullard moved for reconsideration, which was also denied. (Doc. 173).

## II. Discussion

Bullard now files the instant Petition for Writ of Audita Querela (Doc. 175) and "Cross Notice" (Doc. 179). A writ of audita querela is an extraordinary common law writ that may provide post-conviction remedies where relief is not cognizable under 28 U.S.C. § 2255. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). A federal court's authority to "recognize common law postconviction remedies pursuant to the All Writs Act, 28 U.S.C. § 1651, is governed by the Supreme Court's decision in United States v. Morgan." Holt, 417 F.3d at 1174 (citing United States v. Morgan, 346 U.S. 502 (1954)). The principle emerging from Morgan is that "federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." Holt, 417 F.3d at 1175 (citing United States v. Ayala, 894 F.2d 425, 428 (D.C. Cir. 1990)). However, where post-conviction relief is cognizable under 28 U.S.C. § 2255, a federal prisoner may not use a writ of audita querela to mount a collateral attack. Holt, 417 F.3d at 1175.

Post-conviction relief is available to a federal prisoner under 28 U.S.C. § 2255 where the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose the sentence, the sentence exceeded the maximum authorized by law, or the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "'[A] writ of audita querela may not be granted when relief is cognizable under § 2255,' regardless of whether a § 2255 motion would have succeeded." United States v. Izquierdo, 436 F. App'x 929, 931 (11th Cir. 2011) (quoting Holt, 417 F.3d at 1175).

5

The Eleventh Circuit has affirmed the denial of audita querela relief where a prisoner tried to use such a writ to challenge a Guidelines error. United States v. Frank, 414 F. App'x 252 (11th Cir. 2011) (prisoner could not use audita querela to challenge his career offender designation because he could have done so through a 28 U.S.C. § 2255 motion); United States v. Davis, 352 F. App'x 314 (11th Cir. 2009) (prisoner could not use audita querela to challenge district court's enhancement of his Guidelines base offense level because he was challenging the legality of his sentence, which is cognizable under 28 U.S.C. § 2255). Frank and Davis, however, were rendered before the Eleventh Circuit decided Spencer v. United States, 773 F.3d 1132 (11th Cir. 2014) (en banc). In Spencer, the Eleventh Circuit held that a challenge to an erroneous career offender classification is not cognizable under § 2255. Id. at 1138 ("[T]he error alleged in this appeal – erroneously designating a defendant as a career offender – is not a fundamental defect that inherently results in a complete miscarriage of justice."). Spencer thus eliminated an assumption underlying Frank and Davis, i.e., that a prisoner could challenge a Guidelines error through a 28 U.S.C. § 2255 motion.

Spencer raises the following question: if a challenge to a Guidelines error is not cognizable under 28 U.S.C. § 2255, must the writ of audita querela be available to remedy an erroneous career offender classification? Not necessarily. Even in a post-Spencer opinion, the Eleventh Circuit affirmed the denial of an audita querela petition that challenged, among other things, a Guidelines miscalculation because "[s]ection 2255 provides the exclusive remedy for [the petitioner] to collaterally attack his sentence." United States v. Foster, 714 F. App'x 964, 965 (11th Cir. 2018).

6

Additionally, "[a]udita querela, like coram nobis, is an 'extraordinary remedy' that is available 'only under circumstances compelling such action to achieve justice.'" Ramdeo v. United States, 760 F. App'x 900, 902 (11th Cir. 2019) (quoting Morgan, 346 U.S. at 511); see also United States v. Denedo, 556 U.S. 904, 911, 129 S. Ct. 2213, 2220, 173 L. Ed. 2d 1235 (2009) (noting that the Supreme Court was "careful in Morgan to limit the availability of the writ [of coram nobis] to 'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'") (quoting Morgan, 346 U.S. at 511). "'[C]ircumstances compelling such action to achieve justice' … exist only when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Moody v. United States, 874 F.2d 1575, 1576–77 (11th Cir. 1989) (emphasis added) (citations omitted); see also Ramdeo, 760 F. App'x at 902-03.

If a Guidelines error is not fundamental enough to be cognizable under 28 U.S.C. § 2255, Spencer, 773 F.3d at 1138-40, it is not sufficiently "extraordinary" and "compelling" to warrant a writ of audita querela. See United States v. Davis, No. 4:09CV248-WS, 2009 WL 2495931, at *4 (N.D. Fla. Aug. 10, 2009) ("[I]t is hard to conceive of a guidelines error presenting circumstances compelling action to achieve justice (so as to warrant the extraordinary remedy of audita querela), which would not also demonstrate the kind of fundamental error which would allow that claim to be considered under § 2255."). In Davis, the district court concluded that an error in determining the defendant's Guidelines Criminal History Category was not sufficiently fundamental to warrant audita querela relief. Id. at *3. The court explained: "Because the alleged error is not fundamental, it does not merit

the extraordinary relief of audita querela." Id. (quotation marks omitted) (citing Lowery v. United States, 956 F.2d 227, 230 (11th Cir. 1992)).

This Court agrees. For the same reasons that mistakenly classifying a defendant as a career offender does not warrant § 2255 relief, it does not warrant the extraordinary relief of audita querela. See Spencer, 773 F.3d at 1138-40. As the Eleventh Circuit explained, a Guidelines error does not increase the defendant's sentence beyond the statutory maximum, id. at 1138-39, 1140; it does not implicate actual innocence, id. at 1139; and it does not violate an "ancient" right or "raise constitutional concerns," id. at 1140. The Eleventh Circuit added that "any miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory. If the district court were to resentence [the defendant], the district court could impose the same sentence again." Id. at 1140. Likewise, misapplying the career offender enhancement is not an error "of the most fundamental character … which renders the proceeding itself irregular and invalid," so as to warrant issuing a writ of audita querela. Moody, 874 F.2d at 1576-77.

Moreover, courts are wary of the potential for extraordinary writs to "thwart[ ] society's compelling interest in the finality of criminal convictions." Id. at 1577 (citing Morgan, 346 U.S. at 511). Allowing a defendant to use a writ of audita querela to bypass Spencer and collaterally attack any Guidelines error would disserve society's interest in the finality of the conviction and sentence. Accordingly, the Court finds that Bullard cannot challenge his career offender classification through a petition for a writ of audita querela.

In any event, Bullard's career offender classification still has no impact on his sentence. A base offense level of 38 applies to drug offenses involving 25.2 kilograms or

8

more of cocaine base, U.S.S.G. § 2D1.1(c) (2016), and Bullard's offense involved 80 kilograms. Bullard also has a two-level enhancement for his role as a manager, organizer, or leader, so his total offense level remains 40. The career offender classification only affects Bullard's Criminal History Category, which stands at Category VI, but would otherwise stand at Category IV. However, that makes no difference to Bullard's advisory Guidelines range. When the total offense level is 40, the Guidelines recommend a sentence in the range of 360 months-to-life in prison, regardless of whether the Criminal History Category is IV or VI. U.S.S.G. § 5A (2016). Bullard's 480-month sentence is therefore within the Guidelines range whether he is a career offender or not.

In light of the foregoing, it is hereby **ORDERED:**

1. Defendant Frederick Bullard's "Petition for Writ of Audita Querela" (Doc. 175) is **DENIED**.

2. Bullard's "Cross Notice" (Doc. 179), to the extent Bullard seeks relief from his career offender classification, is also **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of October, 2019.

MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:
Counsel of Record
pro se party