**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

UNITED STATES OF AMERICA

vs.                                                                  Case No.:    3:91-cr-211-MMH-JBT

FREDERICK BULLARD

_____/

**ORDER**

This case is before the Court on Defendant Frederick Bullard's Motion for Reduction in Sentence Pursuant to the First Step Act of 2018. (Doc. 194, Motion). Bullard is serving a 480-month term of imprisonment for one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846.[1] He moves for a reduction in sentence under Section 404 of the First Step Act, Pub. L. No. 115–391, 132 Stat. 5194 (2018), which makes Sections 2 and 3 of the Fair Sentencing Act of 2010 retroactively applicable.

The United States Probation Office submitted a First Step Act memorandum in which it advised the Court that Bullard is not eligible for relief. (Doc. 196, First Step Act Memorandum & PSR). The Probation Office advises

---

[1] The Court originally sentenced Bullard to a term of life imprisonment. (Doc. 95, Amended Judgment). However, in 1999, the Court reduced Bullard's term of imprisonment to 480 months under 18 U.S.C. § 3582(c)(2) and Amendment 505 to the United States Sentencing Guidelines. (Doc. 111, Order Reducing Sentence).

1

that the offense of conviction is not a "covered offense" under Section 404 because the offense involved cocaine, not cocaine base. Id.

Under the First Step Act, "[a] court that imposed a sentence for a covered offense may, on motion of the defendant … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." First Step Act, § 404(b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." Id., § 404(a). Section 2 of the Fair Sentencing Act modified the statutory penalties for crack cocaine offenses by increasing the amounts necessary to trigger escalating penalties under 21 U.S.C. §§ 841(b)(1)(A)(iii) and (b)(1)(B)(iii), which was part of an effort to reduce a sentencing disparity between crack cocaine offenses and powder cocaine offenses. See United States v. Jones, 962 F.3d 1290, 1296–97 (11th Cir. 2020) (describing the effect of the Fair Sentencing Act).[2] "Only 'crack-cocaine offenses for which 21 U.S.C. sections 841(b)(1)(A)(iii) and (B)(iii) provide the penalties' qualify as 'covered offenses.'" United States v. McCurry, 833 F. App'x 284, 286 (11th Cir. 2020) (alteration adopted) (quoting Jones, 962 F.3d at 1300–01); see

---

[2] Section 3 of the Fair Sentencing Act eliminated the mandatory minimum penalty for simple possession of crack cocaine, and is not relevant here. See Fair Sentencing Act, § 3.

2

also Terry v. United States, 141 S. Ct. 1858, 1864 (2021) ("In light of the clear text, we hold that § 2(a) of the Fair Sentencing Act modified the statutory penalties only for subparagraph (A) and (B) crack offenses….").

Bullard was not convicted of a "covered offense" because he was convicted of conspiracy to distribute cocaine, not crack cocaine. See Amended Judgment; First Step Act Memorandum. Because the Fair Sentencing Act had no effect on the statutory penalties applicable to powder cocaine offenses, Bullard is not eligible for relief under Section 404 of the First Step Act. United States v. Pubien, 805 F. App'x 727, 729–30 (11th Cir. 2020) (holding that Section 404 does not provide district courts with authority to reduce a defendant's sentence for a powder cocaine offense).

Accordingly, Defendant Frederick Bullard's Motion for Reduction in Sentence Pursuant to the First Step Act of 2018 (Doc. 194) is **DENIED**. Bullard's Motion to Expedite (Doc. 200) is **GRANTED** to the extent the Court issues this ruling.[3]

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of December, 2021.

MARCIA MORALES HOWARD
United States District Judge

---

[3] In the Motion to Expedite (Doc. 200), Bullard recounts various challenges to the guidelines career offender enhancement and the drug quantity calculation. These issues have no bearing on whether his conviction is a "covered offense" under Section 404 of the First Step Act, which turns on whether his conviction involved cocaine or crack cocaine.

3

lc 19

Copies:
Counsel and parties of record